IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDOULAYE, D.,<br><br>          Petitioner,<br><br>     vs.<br><br>WARDEN, CALIFORNIA CITY<br>CORRECTIONAL CENTER, *et al.*,<br><br>          Respondents. | Civil No. 1:26-cv-03015-MWJS<br><br>ORDER GRANTING PETITION FOR<br>WRIT OF HABEAS CORPUS<br><br>A# 245-331-026 |

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner ABDOULAYE D.[1] is an immigration detainee proceeding with a

petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1,

and an application for temporary restraining order (the "TRO application"), Dkt. No. 2.

He entered the United States near Arizona on October 3 or 4, 2023, seeking

"protection from persecution in his home country," and after a relatively brief

detention, was released on October 7, 2023.  Dkt. No. 1, at pgs. 4, 10.  Before his release,

he agreed to a number of restrictive conditions:  to report to any hearings and

interviews the Department of Homeland Security (DHS) or Executive Office for

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Immigration Review saw fit to schedule; to surrender for removal if an order of removal were ever entered against him; to get written permission before changing his address; to assist DHS in securing travel documents; and not to violate any local, state, or federal laws or ordinances. *Id.* at pg. 16.  After his release, he "proactively reported to ICE authorities in New York"; the authorities there returned his passport and concluded there was no need for even more restrictive conditions, "such as an ankle monitor." *Id.* at pgs. 4–5.

The authorities' judgment that existing conditions were sufficient proved well-founded:  there is no suggestion in the record that Petitioner ever violated any of the release conditions imposed at the time of his release.  He regularly reported for his scheduled check-ins and provided a notification when he relocated to Denver, Colorado, in search of work.  And while Petitioner identifies a "potential issue regarding whether a change of address was properly filed on his behalf," *id.* at pg. 5–6, Respondents do not suggest that this constituted a violation of his release conditions, let alone a knowing one.

Indeed, Petitioner was making an effort to *continue* his compliance with his release conditions—he arrived at an immigration court for a scheduled hearing before an immigration judge—when, on October 2, 2025, he was arrested and detained by immigration authorities. *Id.* at pg. 5.  Petitioner was given no notice or process before his arrest. *Id.*  And he was given no process for months following detention, until

March 31, 2026, when—more than six months after his arrest—an immigration judge denied his request for release on bond. *Id.* at pg. 5. The record contains no details about what, if anything, the immigration found when denying Petitioner's request, but Respondents do not suggest that the immigration judge developed any evidentiary record that would support a conclusion Petitioner has somehow become a danger to the community or a flight risk.

Petitioner now invokes this court's habeas jurisdiction. In Count Two of his petition, he contends that his arrest and detention, without any pre-deprivation process, violate his constitutional due process rights. *Id.* at pg. 8. Many district judges, both in this district and others, have granted relief in cases analogous to this one. *See, e.g.*, *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:25-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026); *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *see also Robles-Rodriguez v. Lyons*, No. 1:25-CV-02001, 2026 WL 303482 (E.D. Cal. Feb. 4, 2026). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "any factual or legal issues in this case that distinguish it from the decisions cited above." Dkt. No. 5. The court appreciates Respondents' timely and candid opposition. Dkt. No. 6. Although Respondents maintain that Petitioner's detention is lawful, they agree that the factual and legal issues in this case are not substantively distinguishable from those in the precedents cited above. Dkt. No. 6. Respondents confirm that their opposition also serves as their response to the petition, and they do not request a hearing. *Id.*[2]

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Count Two, for the reasons stated in those prior orders. Because it is unnecessary to resolve Count One of the petition, the court declines to do so.

---

[2]    Respondents do, however, ask the court to hold this matter in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), Dkt. No. 9, at pg. 9, which presents the issue of whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025. Those are not the factual circumstances presented here. The record reflects that the government initially detained Petitioner in 2021, then released him on his own recognizance under § 1226(a) after implicitly determining that he did not pose a flight risk or a danger; when they arrested and detained him in 2026, they purported to do so under § 1225(b) even though they had previously released him under § 1226(a). Given the factual differences between this case and *Rodriguez*, and the nature of the relief Petitioner seeks, the court declines to hold this case in abeyance pending the resolution of the *Rodriguez* appeal.

Respondents are ORDERED to immediately release Petitioner Abdoulaye D. (A# 245-331-026) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

//

//

//

//

//

//

Given the court has previously DENIED AS MOOT the Petitioner's TRO application, *see* Dkt. No. 5, this order resolves all pending motions.  The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  April 23, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03015-MWJS; *Abdoulaye D. v. Warden, California City Correctional Center,* *et al.*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS